UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JOE HAND PRODUCTIONS, INC.,

       Plaintiff,

vs.

       Case No. 06-CV-12213
       HON. GEORGE CARAM STEEH

JEFFREY L. CAIN, individually and
as officer, director, shareholder and/or
principal of KSJC ENTERPRISES, INC.,
d/b/a SWEET WATER TAVERN, and
KSJC ENTERPRISES, INC. d/b/a
SWEET WATER TAVERN,

       Defendant.

_____/

## ORDER DENYING DEFENDANTS' MOTION TO DISMISS (#6)

Defendants Jeffrey L. Cain and KSJC Enterprises move to dismiss plaintiff Joe Hand Productions, Inc.'s ("JHP") claims that they are liable under 47 U.S.C. §§ 553 and 605 of the Communications Act of 1934, as amended, for wrongfully intercepting and exhibiting the October 4, 2003 pay-per-view Holyfield/Toney televised boxing event. Oral argument would not significantly aid the decisional process. Pursuant to E.D. Mich. Local R. 7.1(e)(2), it is ORDERED that the motion be resolved without oral argument.

Defendants argue they are entitled to dismissal in that KSJC filed for Chapter 11 bankruptcy protection on November 18, 2004, and the bankruptcy plan was confirmed on July 11, 2005. Defendants assert that the automatic stay provisions of the Bankruptcy Code as articulated at 11 U.S.C. § 362(a) bar this lawsuit and, in the alternative, JHP's pre-

petition claims were discharged under 11 U.S.C. § 1141(d)(1)(A), and are thus barred by operation of 11 U.S.C. § 524(a)(2). Defendants continue that JHP has failed to allege facts that could support a finding that defendant Cain is personally liable under a theory of piercing defendant KSJC's corporate veil. Defendants deny the allegations that they intercepted the pay-per-view fight.

Federal Rule of Civil Procedure 12(b)(6) authorizes a court to dismiss a claim on an issue of law. "[A] complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Conley v. Gibson, 355 U.S. 41, 45-46 (1957). In considering a Rule 12(b)(6) motion, a court must "accept all of plaintiff's factual allegations as true and determine whether any set of facts consistent with the allegations would entitle the plaintiff to relief." G.M. Eng'r and Assoc., Inc. v. West Bloomfield Tp., 922 F.2d 328, 330 (6th Cir. 1990).

Defendants' proffer documentary evidence that KSJC's bankruptcy case closed on December 20, 2005. The automatic bankruptcy stay arising under § 362(a) continued only until KSJC's plan was confirmed and the bankruptcy case closed on December 20, 2005. 11 U.S.C. 362(c)(2)(A). JHP filed this lawsuit on May 15, 2006, five months after the bankruptcy cased closed. This lawsuit is not barred by the automatic stay provision of 11 U.S.C. § 362(a).

As defendants point out, once a Chapter 11 plan has been confirmed, 11 U.S.C. §§ 524(a) and 1141(d)(1)(A) operate to bar the relitigation of all issues that were or could have been decided, whether or not a creditor has accepted or voted against the plan. See In re Newstar Energy of Texas, LLC, 290 B.R. 623, 626 (W.D. Mich. 2002); In re Talon

Automotive Group, Inc., 284 B.R. 622, 625 (E.D. Mich. 2002).  As explained in In re Newstar, however:

> An important but seldom-occurring exception exists. If a creditor does not receive adequate notice, that creditor is not bound by the confirmation order. Reliable Elec. Co. v. Olson Constr. Co., 726 F.2d 620, 622-23 (10th Cir.1984) (due process requires "notice reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections"; a creditor who does not receive proper notice of the confirmation process cannot constitutionally be bound to the resulting confirmed chapter 11 plan) (quoting Mullane v. Central Hanover Bank & Trust Co., 339 U.S. 306, 314, 70 S.Ct. 652, 657, 94 L.Ed. 865 (1950)); cf. In re Hudson, 260 B.R. 421, 444 (Bankr.W.D.Mich.2001) (parties may be relieved from the binding effect of a chapter 13 confirmation order "when notice is constitutionally inadequate").
>
> In Reliable, the Tenth Circuit Court of Appeals held that a creditor who had received "no formal notice of any kind regarding the reorganization proceedings" was not bound by the confirmed chapter 11 plan. Reliable, 726 F.2d 620, 622-23. Although the creditor in that case, Olson Construction Company, had actual notice of the pending bankruptcy, it was not listed on the debtor's schedules, and therefore never received formal notice of the filing of the disclosure statement, the filing of the plan of reorganization, the balloting deadlines, the confirmation hearing, or the confirmation order. Id. at 621. The court explained that "[a] fundamental right guaranteed by the Constitution is the opportunity to be heard when a property interest is at stake." Id. at 623. Due to the lack of formal notice, Olson had no meaningful opportunity to protect its interests by participation in the confirmation proceedings. Id. Therefore, the court held that due process would not permit Olson to be bound by the terms of the plan. Id. Since Olson was not bound by the plan, its claim could not be discharged under the plan's terms. Id.

In re Newstar, 280 B.R. at 626-27.  The Sixth Circuit has expressed its agreement with this constitutional principle of due process, quoting Mullane v. Central Hanover Bank & Trust Co., 339 U.S. 306, 313 (1950) as stating "[m]any controversies have raged about the cryptic and abstract words of the Due Process Clause but there can be no doubt at a minimum they require that deprivation of . . . property by adjudication be preceded by notice and opportunity for hearing appropriate to the nature of the case."  United States v.

3

Cardinal Mine Supply, Inc., 916 F.2d 1087, 1090 (6th Cir. 1990).  Following a thorough discussion of due process implications relative to the Bankruptcy Act, and recognizing that the United States is not a "person" for purposes of due process jurisprudence, the Sixth Circuit panel nonetheless held on equitable grounds that the IRS's untimely filing of a federal tax claim due to lack of notice of the bankruptcy case did not bar the IRS's priority claims.  Id. at 1091.  "The failure of the Bankruptcy Rules to provide relief to creditors who receive no notice of a bankruptcy and have no knowledge of it cannot deprive those creditors of their substantive right not to have their property rights taken away without notice."  Id.

JHP maintains it was not given notice of KSJC's bankruptcy case.  Consistent with minimum due process requirements and principles of equity, JHP could develop a factual record demonstrating its current claims against the defendants were not discharged in bankruptcy due to lack of notice.  Accordingly, defendants are not now entitled to dismissal by operation of 11 U.S.C. §§ 524(a) and 1141(d)(1)(A).  G.M. Eng'r, 922 F.2d at 330.

Defendants argument that JHP has failed to allege facts that could support a finding that defendant Cain is personally liable under a piercing the corporate veil theory is not well taken.  The Federal Rules of Civil Procedure require only notice pleading.  See Fed. R. Civ. P. 8(a).  JHP's allegations alone do not prevent JHP from developing a factual record on which Cain may be found personally liable.  JHP has proffered authority holding that proof of the mere right and ability to supervise infringing activities is enough to hold an individual liable under 47 U.S.C. §§ 553 and 605.  See Strumm v. Drive Entertainment Inc., No. 00-4676, 2002 WL 5589 (S.D.N.Y. Jan. 2, 2002) (holding in copyright infringement case that "[a]n individual, including a corporate officer, who has the ability to supervise infringing

4

activity and has a financial interest in that activity, or who personally participates in that activity is personally liable for the infringement").  Whether under a pierce-the-corporate-veil standard or a theory of individual liability analogous to copyright infringement, it remains possible for JHP to develop a factual record to support a finding that Cain may be held personally liable.  G.M. Eng'r, 922 F.2d at 330.  Defendants' denials of wrongdoing are insufficient to warrant dismissal.  Id.

Defendants' motion to dismiss is hereby DENIED.

SO ORDERED.


                              s/George Caram Steeh
                              GEORGE CARAM STEEH
                              UNITED STATES DISTRICT JUDGE

Dated:  August 24, 2006

## CERTIFICATE OF SERVICE

Copies of this Order were served on the attorneys of record on August 24, 2006, by electronic and/or ordinary mail.

                              s/Josephine Chaffee
                              Secretary/Deputy Clerk